## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MONIQUE SIERRA,<br><br>                  Plaintiff,<br><br>     -against-<br><br>COLUMBIA UNIVERSITY and individually and jointly, FRED SSEWAMALA and VILMA ILIC.<br><br>                  Defendants. | Civil Action No.:<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff, by and though Plaintiff's attorney, the Law Office of Laurie E. Morrison, hereby alleges as follows:

### NATURE OF THE ACTION

1.      This is an employment case about Columbia University and its supervisors, including, but not limited to, Fred Ssewamala and Vilma Ilic, harassing and retaliating against Plaintiff because of Plaintiff's sex, gender, lactation responsibilities, accommodation requests and legally protected complaints. Defendants' unlawful abuse included, but was not limited to telling Plaintiff that she had to choose between being a mother verses having a career; terminating Plaintiff's employment after Plaintiff complained of unlawful activity; requiring that Plaintiff  work a part-time schedule after Plaintiff's employment was reinstated, even though Defendants were aware that Plaintiff was ready, willing and able to work a full-time schedule; closely scrutinizing Plaintiff's work performance; removing Plaintiff's office space; and terminating Plaintiff's employment for a second time after Plaintiff complained of unlawful activity.

2.      Plaintiff's claims include, but are not limited to, harassment, hostile work environment, discrimination, retaliation and wrongful termination of employment based on gender, sex, child care leave, reasonable requests for accommodations and legally protected complaints in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq.*, as amended, including section 2000e(k) (the Pregnancy Discrimination Act) ("Title VII"); New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq.* ("NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101, *et seq.* (NYCHRL").

3.      This action is against Plaintiff's former employer Columbia University (hereinafter, "Defendant Company") and against former supervisors Fred Ssewamala (hereinafter, "Defendant Aprandini") and Vilma Ilic (hereinafter, "Defendant Ilic") (collectively, "Defendants").

## **PARTIES**

4.      At all times relevant to this action, Plaintiff, Monique Sierra, was and is a natural person who resided in New York County, New York.

5.      At all times relevant to this action, Defendant Ssewamala was and is a natural person who, upon information and belief, resided in New York County, New York.

6.      At all times relevant to this action, Defendant Ilic was and is a natural person who, upon information and belief, resided in New York County, New York.

7.      Upon information and belief, Defendant Company is a domestic corporation.

8.      At all times relevant to this action, Defendant Company maintained an office located at 1255 Amsterdam Avenue, 11th Floor, New York, New York 10027 (hereinafter, "Defendant Company's Office").

9.      At all times relevant to this action, Plaintiff worked in Defendant Company's Office.

10.     At all times relevant to this action, Defendant Company employed over 100 workers.

11.     Plaintiff seeks to hold Defendants liable under various legal doctrines, including without limitation, vicarious liability, strict liability, respondeat superior, aiding and abetting liability and/or other grounds.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over the federal claims asserted herein in that they arise out of the laws of the United States.  *See* 28 U.S.C. § 1331 and 29 U.S.C. § 2617.

13.     This Court has supplemental jurisdiction over the New York State and common law claims pursuant to 28 U.S.C. § 1367.

14.     Venue lies in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this judicial district.

15.     On or around January 28, 2014, Plaintiff filed individual charges of discrimination, harassment and retaliation against Defendant Company based on sex, gender, childcare, lactation needs and legally protected complaints (hereinafter, the "Charges") with the Equal Employment Opportunity Commission ("EEOC").  Plaintiff's Charges were dually filed in the New York State Human Rights Division.

16.     Upon request, Plaintiff received a Notice of Right to Sue, dated September 8, 2015.

17.     Plaintiff files the herein Amended Complaint within 90 days of Plaintiff's receipt of the said Notice of Right to Sue.

18.     Plaintiff mailed a copy of this Complaint to the New York City Commission on Human Rights and the New York City Corporation Counsel, in accordance with N.Y.C. Admin. Code § 8-502(c).

19.     Plaintiff has satisfied all of the statutory prerequisites to filing this action with this Court.

20.     Plaintiff seeks an award of appropriate relief.


**RELEVANT FACTS**

21.     Plaintiff, Monique Sierra, is a woman who gave birth to her son in August, 2012.

22.     Defendant Company hired Ms. Sierra on February 1, 2013.

23.     Defendant Company hired Ms. Sierra to work as a project manager.

24.     Ms. Sierra was still breastfeeding her infant son when she began working for Defendant Company.

25.     Ms. Sierra was assigned to work on one of Defendant Company's projects.

26.     The project was the Suubi+Adherence Study at Defendant Company's International Center for Child Asset and Development.

27.     The project established financial savings accounts for children in Uganda who are HIV positive and monitored the children's medication protocols.

28.     Ms. Sierra's supervisor was Defendant Ssewamala.

29.     Defendant Ssewamala is a tenured professor at Defendant Company.

30.     Defendant Ssewamala is also the Director of the International Center for Child Asset and Development.

31.     Defendant Ssewamala is the principal investigator of Defendant Company's Suubi+Adherence Study.

32.     At the time of Ms. Sierra's hiring, Ms. Sierra arranged to have limited travel because she was breastfeeding.

33.     Ms. Sierra also could not travel to Uganda, in part, because the Anti-Milaria vaccinations required for the travel would prevent her from breastfeeding her son.

34.     Despite their arrangement for limited travel, Defendant Ssewamala told Ms. Sierra to travel to Uganda in March, 2013.

35.     Defendant Ssewamala knew that breastfeeding prevented Ms. Sierra from traveling to Uganda.

36.     Ms. Sierra again told Defendant Ssewamala that she could not travel to Uganda because of her breastfeeding.

37.     Defendant Ssewamala told Ms. Sierra that she **"needs to choose if she wants to be a mother or have a career."**

38.     Upon information and belief, Defendant Ssewamala did not tell Defendants' male employees to choose between being fathers or having careers.

39.     Upon information and belief, Defendants did not require that Defendants' male employees perform work duties that interfered with the employees' ability to feed their children.

40.     Ms. Sierra complained to Defendant Ssewamala about the harassment and disparate treatment.

41.     The abuse continued, unabated.

5

42.     Defendant Ssewamala told Ms. Sierra that she could have a part-time position with Defendant Company.

43.     Defendant Ssewamala told Ms. Sierra about the part-time position, even though Defendants knew that Ms. Sierra wanted a full time position.

44.     Defendant Ssewamala told Ms. Sierra about the part-time position, even though Defendants knew that Ms. Sierra was ready, willing and able to work a full-time schedule.

45.     Ms. Sierra accepted the offer because it was the only option that Defendant Company gave her and Ms. Sierra did not want to lose her job.

46.     After Ms. Sierra accepted the part-time position, Defendant Ssewamala rescinded the job offer entirely.

47.     Defendant Ssewamala claimed that keeping Ms. Sierra as an employee would not work out.

48.     Defendant Company terminated Ms. Sierra's employment on February 5, 2013.

49.     On or around February 5, 2013, Defendant Company's Assistant Director of Human Resources, Gilberte M. Lal, contacted Ms. Sierra via email.

50.      Ms. Lal told Ms. Sierra that she was not ready for full time work.

51.     Ms. Sierra responded that she was able to work full time.

52.     Ms. Sierra also complained to Defendant Company's Director of Human Resources, Kathryn Lewis, that she was fired because of her gender and because she was breastfeeding.

53.     Upon information and belief, Jennifer Nattabi, a former Project Coordinator who had previously worked for Defendant Ssewamala in Uganda had become pregnant during her employment.

54.     Upon information and belief, Defendant Ssewamala responded **"How could she get pregnant while she was working for me?!!"**

55.     In March, 2013, Defendant Company rehired Ms. Sierra to work on a part-time basis.

56.     Defendant Company rehired Ms. Sierra part-time via Defendant Company's Child Care Leave arrangement.

57.     When she was rehired, Ms. Sierra was ready, willing and able to perform full-time employment.

58.     Upon information and belief, Defendants were aware that Ms. Sierra was ready, willing and able to work a full-time schedule when they rehired her.

59.     Upon information and belief, Defendants did not require male employees in Defendant Ssewamala's department to work part-time when they were ready, willing and able to perform full-time employment.

60.     Defendant Company scheduled Ms. Sierra to work 21 hours each week.

61.     Defendant Ssewamala claimed that he could provide Ms. Sierra with 15 hours of work per week only.

62.     Therefore, an additional 6 hours was provided by Defendant Ssewamala's supervisor, Dean Jeannette Takamura.

63.     Defendant Company's Director of Human Resources, Kathryn Lewis, told Ms. Sierra that Defendant Ssewamala stated that he could not provide a full 21 hours of work to Ms. Sierra.

64.     Ms. Lewis told Ms. Sierra that she would be hired to work from March, 2013 until the end of June, 2013.

65.     Ms. Sierra's employment would then be renewed for a longer period of time, absent any significant performance issues, other considerations, etc..

66.     Defendant Company extended Ms. Sierra's employment from June, 2013 to September 30, 2013.

67.     Beginning on the first day that Ms. Sierra returned to work in March, 2013 Defendant Ilic inappropriately scrutinized Ms. Sierra's work.

68.      Defendant Ilic was Defendant Company's project manager.

69.     Defendant Ilic also accused Ms. Sierra of "quitting" Defendant Company's Suubi+Adherence Study.

70.     In reality, Ms. Sierra had not resigned or "quit" Defendant Company's Suubi+Adherence Study.

71.     Defendant Ilic was aware that Ms. Sierra had not resigned or "quit" Defendant Company's Suubi+Adherence Study.

72.     Upon information and belief, Defendant Ilic claimed that Ms. Sierra quit her previous position to harass Ms. Sierra because of her lactation responsibilities.

73.     Upon information and belief, Defendant Ilic claimed that Ms. Sierra quit her previous position in retaliation against Ms. Sierra's complaints regarding her gender and lactation duties.

74.     By that time (i.e., on or around March, 2013), Defendant Ilic had worked with Defendant Ssewamala on the Suubi+Adherence Study and on other projects for approximately two years.

75.     Defendant Ilic also routinely addressed Ms. Sierra with a nasty, unprofessional tone throughout Ms. Sierra's employment.

76. Defendant Ssewamala closely scrutinized Ms. Sierra's work product.

77. Defendant Ssewamala also assigned Ms. Sierra an unrealistically strenuous workload.

78. Defendant Ssewamala was aware that it was not feasible to effectively complete the strenuous workload on a part-time work schedule.

79. Upon information and belief, Defendant Ssewamala gave Ms. Sierra an unrealistic workload to sabotage her employment.

80. Defendant Ssewamala told Ms. Sierra that she could not work additional hours beyond her part-time work schedule.

81. Defendant Ssewamala closely scrutinized Ms. Sierra's work hours to make sure that Ms. Sierra performed her work duties without laboring beyond her part-time work schedule.

82. On or around June, 2013, Defendant Ssewamala interrupted Ms. Sierra while she was expressing breast milk privately in her office space.

83. Defendant Ssewamala interrupted Ms. Sierra to accuse her of not completing her work assignments.

84. Defendant Ssewamala also excluded Ms. Sierra from project meetings.

85. In June, 2013, Defendant Ssewamala told Ms. Sierra that she would not be allowed to use her office on Wednesdays.

86. Defendant Ssewamala said that he was giving Ms. Sierra's office space to a graduate student who he was in the process of hiring.

87. Ms. Sierra was scheduled to work in Defendant Company's New York City office on Mondays, Tuesdays & Wednesdays.

88.     Ms. Sierra occupied her office space during those days that she was scheduled to work.

89.     Ms. Sierra complained to Kathryn Lewis about Defendant Ssewamala's misconduct.

90.     Defendant Company notified Ms. Sierra that they would not renew her employment after September 30, 2013.

91.     Defendant Company said they would not renew Ms. Sierra's employment after September 30, 2013 because of Defendant Ssewamala's claim that there was no money in the budget to employ Ms. Sierra.

92.     Defendant Company said they would not renew Ms. Sierra's employment after September 30, 2013 because of Defendant Company's claim that there was no money in the budget to employ Ms. Sierra.

93.     Defendant Ssewamala's intent to hire another employee, however, belied Defendant Company's claims.

94.     Upon information and belief, Defendant Ssewamala intended to hire a male employee.

95.     Upon information and belief, Defendants intended to hire an employee who had not given birth in the previous 1-3 years.

96.     Upon information and belief, Defendants intended to hire an employee who did not have lactation responsibilities.

97.     Defendant Ssewamala had received a $3.8 Million grant a few months before Defendants declined to renew Ms. Sierra's employment.

98. In June, 2013, Ms. Sierra filed a complaint with Defendant Company's internal EEO and Affirmative Action Office.

99. Ms. Sierra complained that Defendants were discriminating and retaliating against her gender, sex, childbirth, accommodation requests and legally protected complaints.

100. Defendants terminated Ms. Sierra's employment on September 30, 2013.

101. Defendants claimed that there was no more money in Defendant Company's budget to keep Ms. Sierra employed.

102. At that time, Defendant Ssewamala had already received a $3.8 Million grant for his projects.

103. At that time, Defendant Ssewamala had intended to hire an additional employee.

104. Defendant Company maintained the employment of the other employees in Defendant Ssewamala's New York City Office.

105. Ms. Sierra was the only employee fired in Defendant Ssewamala's New York City Office.

106. Defendant Ssewamala's New York City Office was located on Defendant Company's premises.

107. Upon information and belief, Defendants subsequently assigned Ms. Sierra's work duties to an employee who had not complained about unlawful harassment, discrimination and/or retaliation.

108. Upon information and belief, Defendants subsequently assigned Ms. Sierra's work duties to an employee who had not given birth 1-3 years previously.

109. Upon information and belief, Defendants subsequently assigned Ms. Sierra's work duties to an employee who did not have lactation responsibilities.

## AS FOR THE FIRST CAUSE OF ACTION
## FOR SEX/GENDER HARASSMENT AND DISCRIMINATION UNDER TITLE VII
### (Against Defendant Columbia University)

110.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

111.   This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq*., for relief based upon the unlawful employment practices of the above-named Defendants.

112.   During all times material, Defendant Company was and is an employer within the meaning of Title VII.

113.   At all times material, Plaintiff was an employee and an individual within the meaning of Title VII.

114.   At all relevant times, Plaintiff was and is a breastfeeding woman and a member of protected classes within the meaning of Title VII.

115.   At all relevant times, Defendants were aware of Plaintiff's sex, gender, and lactation needs.

116.   Defendants engaged in unlawful employment practices prohibited by Title VII because of Plaintiff's sex, gender, and lactation responsibilities with behaviors including, but not limited to, telling Plaintiff that she had to choose between being a mother verses having a career; terminating Plaintiff's employment after Plaintiff complained of unlawful activity; requiring that Plaintiff  work a part-time schedule after Plaintiff's employment was reinstated, even though Defendants were aware that Plaintiff was ready, willing and able to work a full-time schedule; closely scrutinizing Plaintiff's work performance; removing Plaintiff's office space; and

terminating Plaintiff's employment for a second time after Plaintiff complained of unlawful activity.

117.    Upon information and belief, at all relevant times, Defendants were aware of and/or condoned and/or participated in the harassment and abuse against Plaintiff.

118.    Defendants' misconduct was so severe or pervasive that a reasonable person in Plaintiff's position would find that Plaintiff's work environment was intimidating, hostile or abusive.

119.    Plaintiff reasonably believed that Plaintiff's work environment that was intimidating, hostile or abusive as a result of Defendants' conduct.

120.    Upon information and belief, each and every Defendant contributed to the harassment, hostile work environment and retaliation, was aware of the harassment, hostile work environment and retaliation against Plaintiff and did nothing to resolve it and/or was complicit in the misconduct.

121.    Upon information and belief, Defendants' discrimination and harassment was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff's federally protected rights.

122.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, attorneys' fees and costs, emotional pain, emotional suffering, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

123.    As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer, among other items, impairment and

damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional

pain, emotional suffering, inconvenience, and lasting embarrassment and humiliation.

124.    As Defendants' conduct has been willful, reckless, outrageous, intentional and/or

malicious, Plaintiff also demands punitive damages in an amount which exceeds the

Jurisdictional limits of all Lower Courts.

125.    Plaintiff's damages include financial loss, loss of employment and employment

benefits, damage to Plaintiff's career and professional reputation, and severe emotional distress

caused by the degrading conduct and loss of employment.

126.    Plaintiff is entitled to recover monetary damages and other damages and relief,

including, but not limited to lost wages, punitive damages, reasonable attorney's fees and

compensatory damages from Defendant Company under Title VII.


## AS FOR THE SECOND CAUSE OF ACTION
## FOR SEX/GENDER RETALIATION UNDER TITLE VII
### (Against Defendant Columbia University)


127.    Plaintiff repeats and realleges each and every allegation made in the above

paragraphs of this complaint.

128.    This claim is authorized and instituted pursuant to the provisions of Title VII of

the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., for relief based upon the

unlawful employment practices of the above-named Defendant.

129.    Defendants discriminated against and harassed Plaintiff in violation of Title VII.

130.    Plaintiff complained about Defendants' discrimination and harassment.

131.    In response to Plaintiff's lawful complaints, Defendants retaliated against Plaintiff

with behaviors including, but not limited to, telling Plaintiff that she had to choose between

being a mother verses having a career; terminating Plaintiff's employment after Plaintiff

complained of unlawful activity; requiring that Plaintiff  work a part-time schedule after

Plaintiff's employment was reinstated, even though Defendants were aware that Plaintiff was

ready, willing and able to work a full-time schedule; closely scrutinizing Plaintiff's work

performance; removing Plaintiff's office space; and terminating Plaintiff's employment for a

second time after Plaintiff complained of unlawful activity.

132.    Upon information and belief, each and every Defendant contributed to the

harassment, hostile work environment and retaliation, was aware of the harassment, hostile work

environment and retaliation against Plaintiff and did nothing to resolve it and/or was complicit in

the misconduct.

133.    Upon information and belief, Defendants' discrimination and harassment was

intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to

Plaintiff's federally protected rights.

134.    As a direct and proximate result of Defendants' unlawful and willful conduct,

Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses,

benefits and other compensation which such employment entails, and Plaintiff has also suffered

future pecuniary losses, attorneys' fees and costs, emotional pain, emotional suffering, and other

non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

135.    As a further direct and proximate result of Defendants' unlawful and willful

conduct, Plaintiff has suffered and will continue to suffer, among other items, impairment and

damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional

pain, emotional suffering, inconvenience, and lasting embarrassment and humiliation.

136.    As Defendants' conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the Jurisdictional limits of all Lower Courts.

137.    Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to Plaintiff's career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

138.    Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to lost wages, punitive damages, reasonable attorney's fees and compensatory damages from Defendant Company under Title VII.

### AS FOR THE THIRD CAUSE OF ACTION
### FOR LACTATION HARASSMENT AND DISCRIMINATION UNDER TITLE VII
#### (Against Defendant Columbia University)

139.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

140.    This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq*., including section 2000e(k) (the Pregnancy Discrimination Act), for relief based upon the unlawful employment practices of the above-named Defendants.

141.    Defendants engaged in unlawful employment practices prohibited by Title VII because of Plaintiff's sex, gender, and lactation responsibilities with behaviors including, but not limited to, telling Plaintiff that she had to choose between being a mother verses having a career; terminating Plaintiff's employment after Plaintiff complained of unlawful activity; requiring that Plaintiff  work a part-time schedule after Plaintiff's employment was reinstated, even though

16

Defendants were aware that Plaintiff was ready, willing and able to work a full-time schedule; closely scrutinizing Plaintiff's work performance; removing Plaintiff's office space; and terminating Plaintiff's employment for a second time after Plaintiff complained of unlawful activity.

142.    Upon information and belief, at all relevant times, Defendants were aware of and/or condoned and/or participated in the harassment and abuse against Plaintiff.

143.    Defendants' misconduct was so severe or pervasive that a reasonable person in Plaintiff's position would find that Plaintiff's work environment was intimidating, hostile or abusive.

144.    Plaintiff reasonably believed that Plaintiff's work environment that was intimidating, hostile or abusive as a result of Defendants' conduct.

145.    Upon information and belief, each and every Defendant contributed to the harassment, hostile work environment and retaliation, was aware of the harassment, hostile work environment and retaliation against Plaintiff and did nothing to resolve it and/or was complicit in the misconduct.

146.    Upon information and belief, Defendants' discrimination and harassment was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff's federally protected rights.

147.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, attorneys' fees and costs, emotional pain, emotional suffering, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

148.    As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience, and lasting embarrassment and humiliation.

149.    As Defendants' conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the Jurisdictional limits of all Lower Courts.

150.    Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to Plaintiff's career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

151.    Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to lost wages, punitive damages, reasonable attorney's fees and compensatory damages from Defendant Company under Title VII.

## AS FOR THE FORTH CAUSE OF ACTION
## FOR LACTATION RETALIATION UNDER TITLE VII
### (Against Defendant Columbia University)

152.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

153.    This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., including section 2000e(k) (the Pregnancy Discrimination Act), for relief based upon the unlawful employment practices of the above-named Defendant.

154.    Defendants discriminated against and harassed Plaintiff in violation of Title VII.

155.    Plaintiff complained about Defendants' discrimination and harassment.

156.    In response to Plaintiff's lawful complaints, Defendants retaliated against Plaintiff with behaviors including, but not limited to, telling Plaintiff that she had to choose between being a mother verses having a career; terminating Plaintiff's employment after Plaintiff complained of unlawful activity; requiring that Plaintiff  work a part-time schedule after Plaintiff's employment was reinstated, even though Defendants were aware that Plaintiff was ready, willing and able to work a full-time schedule; closely scrutinizing Plaintiff's work performance; removing Plaintiff's office space; and terminating Plaintiff's employment for a second time after Plaintiff complained of unlawful activity.

157.    Upon information and belief, each and every Defendant contributed to the harassment, hostile work environment and retaliation, was aware of the harassment, hostile work environment and retaliation against Plaintiff and did nothing to resolve it and/or was complicit in the misconduct.

158.    Upon information and belief, Defendants' discrimination and harassment was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff's federally protected rights.

159.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, attorneys' fees and costs, emotional pain, emotional suffering, and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

160.    As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer, among other items, impairment and

damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional

pain, emotional suffering, inconvenience, and lasting embarrassment and humiliation.

161.    As Defendants' conduct has been willful, reckless, outrageous, intentional and/or

malicious, Plaintiff also demands punitive damages in an amount which exceeds the

Jurisdictional limits of all Lower Courts.

162.    Plaintiff's damages include financial loss, loss of employment and employment

benefits, damage to Plaintiff's career and professional reputation, and severe emotional distress

caused by the degrading conduct and loss of employment.

163.    Plaintiff is entitled to recover monetary damages and other damages and relief,

including, but not limited to lost wages, punitive damages, reasonable attorney's fees and

compensatory damages from Defendant Company under Title VII.


## AS FOR THE FIFTH CAUSE OF ACTION
## FOR SEX/GENDER HARASSMENT AND DISCRIMINATION UNDER THE NYSHRL

164.    Plaintiff repeats and realleges each and every allegation made in the above

paragraphs of this complaint.

165.    This Count is brought under the New York State Human Rights Law

("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

166.    At all relevant times, Defendant Company was and is an employer within the

meaning of the NYSHRL.

167.    At all relevant times, Defendant Ssewamala had the power to carry out personnel

decisions and/or to do more than carry out personnel decisions made by others, including the

power to hire and fire employees, including Plaintiff, sufficient to be held individually liable for

all damages under the NYSHRL.

168.     At all relevant times, upon information and belief, Defendant Ilic had the power to carry out personnel decisions and/or to do more than carry out personnel decisions made by others, including, but not limited to, the power to hire and fire employees, including Plaintiff, sufficient to be held individually liable for all damages under the NYSHRL.

169.     At all times material, Plaintiff was an employee and an individual within the meaning of the NYSHRL.

170.     At all times material, Plaintiff was and is a breastfeeding woman, mother and a member of protected classes within the meaning of the NYSHRL.

171.     Defendants engaged in unlawful employment practices prohibited by the NYSHRL because of Plaintiff's sex, gender, and lactation responsibilities with behaviors including, but not limited to, telling Plaintiff that she had to choose between being a mother verses having a career; terminating Plaintiff's employment after Plaintiff complained of unlawful activity; requiring that Plaintiff  work a part-time schedule after Plaintiff's employment was reinstated, even though Defendants were aware that Plaintiff was ready, willing and able to work a full-time schedule; closely scrutinizing Plaintiff's work performance; removing Plaintiff's office space; and terminating Plaintiff's employment for a second time after Plaintiff complained of unlawful activity.

172.     Upon information and belief, each and every Defendant contributed to the discrimination, was aware of the discrimination, did nothing to resolve the discrimination and/or was complicit in the misconduct.

173.     Defendants' conduct, as alleged herein, constitutes unlawful discriminatory practices and unlawful discrimination on the basis of race, color and/or ethnicity, as defined by the NYSHRL, by engaging in, causing, perpetrating, committing, authorizing, directing,

21

participating in, aiding, abetting, inciting, compelling and/or coercing the unlawful conduct alleged herein, or attempting to do so, in violation of the NYSHRL.

174.   Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL. See, e,g., NYSHRL § 296(1) and § 296(6).

175.   Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

176.   Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to their career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

177.   Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to lost wages and compensatory damages from Defendants under the NYSHRL.

## AS FOR THE SIXTH CAUSE OF ACTION
## FOR SEX/GENDER RETALIATION UNDER THE NYSHRL

178.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

179.   This Count is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

180.   Defendants engaged in unlawful employment practices prohibited by the NYSHRL.

181.   Plaintiff complained about Defendants' discrimination and harassment.

182.   In response to Plaintiff's lawful complaints, Defendants retaliated against Plaintiff, including, but not limited to, telling Plaintiff that she had to choose between being a

mother verses having a career; terminating Plaintiff's employment after Plaintiff complained of unlawful activity; requiring that Plaintiff  work a part-time schedule after Plaintiff's employment was reinstated, even though Defendants were aware that Plaintiff was ready, willing and able to work a full-time schedule; closely scrutinizing Plaintiff's work performance; removing Plaintiff's office space; and terminating Plaintiff's employment for a second time after Plaintiff complained of unlawful activity.

183.    Defendants' conduct, as alleged herein, constitutes retaliation, as defined by the NYSHRL.

184.    Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL. See, e,g., NYSHRL § 296(1) and § 296(6).

185.    Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

186.    Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to their career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

187.    Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to lost wages and compensatory damages from Defendants under the NYSHRL.


## AS FOR THE SEVENTH CAUSE OF ACTION
## FOR LACTATION HARASSMENT AND DISCRIMINATION UNDER THE NYSHRL

188.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

189.     This Count is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

190.     Defendants engaged in unlawful employment practices prohibited by the NYSHRL because of Plaintiff's sex, gender, and lactation responsibilities with behaviors including, but not limited to, telling Plaintiff that she had to choose between being a mother verses having a career; terminating Plaintiff's employment after Plaintiff complained of unlawful activity; requiring that Plaintiff  work a part-time schedule after Plaintiff's employment was reinstated, even though Defendants were aware that Plaintiff was ready, willing and able to work a full-time schedule; closely scrutinizing Plaintiff's work performance; removing Plaintiff's office space; and terminating Plaintiff's employment for a second time after Plaintiff complained of unlawful activity.

191.     Upon information and belief, each and every Defendant contributed to the discrimination, was aware of the discrimination, did nothing to resolve the discrimination and/or was complicit in the misconduct.

192.     Defendants' conduct, as alleged herein, constitutes unlawful discriminatory practices and unlawful discrimination on the basis of race, color and/or ethnicity, as defined by the NYSHRL, by engaging in, causing, perpetrating, committing, authorizing, directing, participating in, aiding, abetting, inciting, compelling and/or coercing the unlawful conduct alleged herein, or attempting to do so, in violation of the NYSHRL.

193.     Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL. See, e,g., NYSHRL § 296(1) and § 296(6).

194.    Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

195.    Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to their career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

196.    Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to lost wages and compensatory damages from Defendants under the NYSHRL.

**AS FOR THE EIGHTH CAUSE OF ACTION**
**FOR LACTATION RETALIATION UNDER THE NYSHRL**

197.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

198.    This Count is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

199.    Defendants engaged in unlawful employment practices prohibited by the NYSHRL.

200.    Plaintiff complained about Defendants' discrimination and harassment.

201.    In response to Plaintiff's lawful complaints, Defendants retaliated against Plaintiff, including, but not limited to, telling Plaintiff that she had to choose between being a mother verses having a career; terminating Plaintiff's employment after Plaintiff complained of unlawful activity; requiring that Plaintiff  work a part-time schedule after Plaintiff's employment was reinstated, even though Defendants were aware that Plaintiff was ready, willing and able to work a full-time schedule; closely scrutinizing Plaintiff's work performance; removing

Plaintiff's office space; and terminating Plaintiff's employment for a second time after Plaintiff complained of unlawful activity.

202.    Defendants' conduct, as alleged herein, constitutes retaliation, as defined by the NYSHRL.

203.    Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL. See, e,g., NYSHRL § 296(1) and § 296(6).

204.    Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

205.    Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to their career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

206.    Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to lost wages and compensatory damages from Defendants under the NYSHRL.

**AS FOR THE NINETH CAUSE OF ACTION**
**FOR SEX/GENDER HARASSMENT AND DISCRIMINATION UNDER THE NYCHRL**

207.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

208.    This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

209.     At all relevant times, Defendant Company was and is an employer within the meaning of the NYCHRL.

210.    At all relevant times, Defendant Ssewamala had the power to carry out personnel decisions and/or to do more than carry out personnel decisions made by others, including the power to hire and fire employees, including Plaintiff, sufficient to be held individually liable for all damages under the NYCHRL.

211.    At all relevant times, upon information and belief, Defendant Ilic had the power to carry out personnel decisions and/or to do more than carry out personnel decisions made by others, including, but not limited to, the power to hire and fire employees, including Plaintiff, sufficient to be held individually liable for all damages under the NYCHRL.

212.    At all times material, Plaintiff was an employee and an individual within the meaning of the NYCHRL.

213.    At all times material, Plaintiff was and is a breastfeeding woman, mother and a member of protected classes within the meaning of the NYCHRL.

214.    Defendants engaged in unlawful employment practices prohibited by the NYCHRL because of Plaintiff's sex, gender, and lactation responsibilities with behaviors including, but not limited to, telling Plaintiff that she had to choose between being a mother verses having a career; terminating Plaintiff's employment after Plaintiff complained of unlawful activity; requiring that Plaintiff  work a part-time schedule after Plaintiff's employment was reinstated, even though Defendants were aware that Plaintiff was ready, willing and able to work a full-time schedule; closely scrutinizing Plaintiff's work performance; removing Plaintiff's office space; and terminating Plaintiff's employment for a second time after Plaintiff complained of unlawful activity.

215. Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

216. Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination.

217. Each and every Defendant is individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL. See, e.g., NYCHRL § 8-107(1) and § 8-107(6).

218. As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages; (ii) lost benefits; (iii) lost interest; and (iv) attorneys ' fees and costs.

219. As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience and lasting embarrassment and humiliation.

220. Plaintiff is entitled to recover monetary damages and other damages and relief, including punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

## AS FOR THE TENTH CAUSE OF ACTION
## FOR SEX/GENDER RETALIATION UNDER THE NYCHRL

221.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

222.    This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

223.    Plaintiff complained about Defendants' discrimination and harassment.

224.    In response to Plaintiff's lawful complaints, Defendants retaliated against Plaintiff, including, but not limited to, telling Plaintiff that she had to choose between being a mother verses having a career; terminating Plaintiff's employment after Plaintiff complained of unlawful activity; requiring that Plaintiff  work a part-time schedule after Plaintiff's employment was reinstated, even though Defendants were aware that Plaintiff was ready, willing and able to work a full-time schedule; closely scrutinizing Plaintiff's work performance; removing Plaintiff's office space; and terminating Plaintiff's employment for a second time after Plaintiff complained of unlawful activity.

225.    Defendants' conduct, as alleged herein, constitutes retaliation, as defined by the NYCHRL.

226.    Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

227.    Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination.

228.    Each and every Defendant is individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the

NYCHRL and under the "aiding and abetting" provision of the NYCHRL. See, e.g., NYCHRL § 8-107(1) and § 8-107(6).

229.     As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages; (ii) lost benefits; (iii) lost interest; and (iv) attorneys ' fees and costs.

230.     As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience and lasting embarrassment and humiliation.

231.     Plaintiff is entitled to recover monetary damages and other damages and relief, including punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

## AS FOR THE ELEVENTH CAUSE OF ACTION
## FOR LACTATION HARASSMENT AND DISCRIMINATION UNDER THE NYCHRL

232.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

233.     This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

234.     Defendants engaged in unlawful employment practices prohibited by the NYCHRL because of Plaintiff's sex, gender, and lactation responsibilities with behaviors including, but not limited to, telling Plaintiff that she had to choose between being a mother verses having a career; terminating Plaintiff's employment after Plaintiff complained of unlawful

activity; requiring that Plaintiff work a part-time schedule after Plaintiff's employment was reinstated, even though Defendants were aware that Plaintiff was ready, willing and able to work a full-time schedule; closely scrutinizing Plaintiff's work performance; removing Plaintiff's office space; and terminating Plaintiff's employment for a second time after Plaintiff complained of unlawful activity.

235.    Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

236.    Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination.

237.    Each and every Defendant is individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL. See, e.g., NYCHRL § 8-107(1) and § 8-107(6).

238.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages; (ii) lost benefits; (iii) lost interest; and (iv) attorneys ' fees and costs.

239.    As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience and lasting embarrassment and humiliation.

240.     Plaintiff is entitled to recover monetary damages and other damages and relief, including punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

## AS FOR THE TWELTH CAUSE OF ACTION
## <u>FOR LACTATION RETALIATION UNDER THE NYCHRL</u>

241.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

242.     This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

243.      Plaintiff complained about Defendants' discrimination and harassment.

244.     In response to Plaintiff's lawful complaints, Defendants retaliated against Plaintiff, including, but not limited to, telling Plaintiff that she had to choose between being a mother verses having a career; terminating Plaintiff's employment after Plaintiff complained of unlawful activity; requiring that Plaintiff  work a part-time schedule after Plaintiff's employment was reinstated, even though Defendants were aware that Plaintiff was ready, willing and able to work a full-time schedule; closely scrutinizing Plaintiff's work performance; removing Plaintiff's office space; and terminating Plaintiff's employment for a second time after Plaintiff complained of unlawful activity.

245.     Defendants' conduct, as alleged herein, constitutes retaliation, as defined by the NYCHRL.

246.     Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

247.     Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination.

248.     Each and every Defendant is individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL. See, e.g., NYCHRL § 8-107(1) and § 8-107(6).

249.     As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages; (ii) lost benefits; (iii) lost interest; and (iv) attorneys ' fees and costs.

250.     As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience and lasting embarrassment and humiliation.

251.     Plaintiff is entitled to recover monetary damages and other damages and relief, including punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A.  Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII, the New York State Human Rights Law, and the New York City Human Rights

Law; and that Defendants discriminated and retaliated against Plaintiff on the basis of gender, sex, lactation, reasonable accommodation requests and legally protected complaints.

B.  Declaring that the Defendants intentionally caused Plaintiff to become emotionally distressed;

C.  Awarding damages to Plaintiff, retroactive to the date of Plaintiff's employment termination, for all lost wages and benefits, past and future, back pay and front pay, and liquidated damages, resulting from Defendants' unlawful discrimination and retaliation, and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

D.  Awarding Plaintiff compensatory damages for mental and emotional distress, and injury to reputation;

E.  Awarding Plaintiff punitive damages under the Title VII and the NYCHRL;

F.  Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action under Title VII and the NYCHRL;

G.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.


Dated:   New York, NY
             November 23, 2015


Respectfully submitted,

LAW OFFICE OF LAURIE E.MORRISON


By:

34

Laurie E. Morrison (LM7943)
30 Broad Street, 35th Floor
New York, New York10004
(212) 721-4051 (office)
(646) 651-4821 (fax)
morrison@lemorrisonlaw.com
*Attorney for Plaintiff*

**TO:**

COLUMBIA UNIVERSITY
SCHOOL OF SOCIAL WORK
1255 Amsterdam Avenue, 11th Floor
New York, N.Y. 10027

FRED SSEWAMALA
c/o Columbia University
School Of Social Work (Defendant's Place Of Business)
1255 Amsterdam Avenue, 11th Floor
New York, N.Y. 10027

VILMA ILIC
c/o Columbia University
School Of Social Work (Defendant's Place Of Business)
1255 Amsterdam Avenue, 11th Floor
New York, N.Y. 10027

4850-9873-4379, v. 1